IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | |
|---|---|
| ROGER DALE MEDFORD, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § NO. 4:14-CV-003-A |
| | § |
| TARRANT COUNTY, ET AL., | § |
| | § |
| Defendants. | § |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants Tarrant County Sheriff Dee Anderson ("Sheriff"), and Jail Detention Officers Charles Penrod ("Penrod"), Brian Bohn ("Bohn"), Mark Newton ("Newton"), Brian Wallace ("Wallace"), and Jorge Robles ("Robles") (collectively "movants") for summary judgment. Plaintiff, Roger Dale Medford, has not filed a response, but rather a motion to modify the court's scheduling order.

The court, having considered the motions, the record, and applicable authorities, finds that the motion for summary judgment should be granted and the motion to modify scheduling order denied.

I.

Background

Plaintiff filed his original complaint on January 2, 2014. The court evaluated the complaint under 28 U.S.C. § 1915A and determined that plaintiff should be allowed to proceed with some

of his claims. Dkt. 9. Others were dismissed and the dismissal was made final. Dkt. 10. On July 14, 2014, plaintiff filed his amended complaint and the court allowed him to proceed with service of process on certain defendants. Dkt. 12. The record reflects that all but three, Officers Aguirre, McCray, and Cukran, were served. Returns as to those officers were filed on September 17, 2014, and reflect that they could not be executed as Tarrant County had no record of their employment. Plaintiff has not taken any action to pursue service since that time. It is apparent that plaintiff could not have obtained such service, as he was relying on the U.S. Marshal, and hence Tarrant County, to identify and serve the defendants.

On January 15, 2015, movants filed their motion for summary judgment. Plaintiff has twice sought an extension of time in which to respond. By order signed February 6, the court granted plaintiff an extension until February 25 to file his summary judgment response. Dkt. 34. Instead of doing so, plaintiff sought a further extension, which was denied. Dkt. 42. To date, plaintiff has not filed a summary judgment response.

II.

The Motion to Modify Schedule

As noted, plaintiff has twice sought to delay his time to respond to the summary judgment motion. In addition, he has filed

2

an objection and request for appointment of counsel and expert witnesses, which was denied. Dkt. 41. It is thus apparent that plaintiff has the ability to prepare and file lengthy documents and that nothing is preventing him from responding to the pending summary judgment motion. Although his latest motion mentions discovery and plaintiff's desire to pursue complete answers thereto, the motion does not meet the requirements of Fed. R. Civ. P. 56(d) for continuance. That is, plaintiff has not shown the court by affidavit or declaration that he cannot, for specified reasons, present facts essential to justify his opposition to the motion for summary judgment. Accordingly, the court finds that the motion to modify scheduling order should be denied.

### III.

### The Summary Judgment Motion

Movants assert that plaintiff cannot establish any genuine issue of material fact as to any of his claims against them and that they are entitled to judgment as a matter of law. The court agrees.

### IV.

### Applicable Summary Judgment Standards

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense

if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u> at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. <u>Id.</u> at 324; <u>see also</u> Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>,

475 U.S. 574, 587, 597 (1986). In <u>Mississippi Prot. & Advocacy Sys. v. Cotten</u>, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[1] <u>Celotex Corp.</u>, 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. <u>Matsushita</u>, 475 U.S. at 597; <u>see also</u> <u>Mississippi Prot. & Advocacy Sys.</u>, 929 F.2d at 1058.

V.

Analysis

Plaintiff's first cause of action is based on alleged excessive force in violation of the Eighth Amendment, which appears to be based on events of January 15, 2012. On that date, plaintiff says that he was moved from one cell to another and in the process was beaten and injured while at least 20 officers were present. Pl. First Am. Compl., ¶ 12. Plaintiff alleges that

---

[1] In <u>Boeing Co. v. Shipman</u>, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

defendants Bohn, Penrod, and Wallace each beat him or watched him being beaten by other officers. He says that these officers were also present when he was electrocuted after being thrown in the shower. Plaintiff is not certain that defendants Newton and Robles were present, but believes that there is a high probability that they were. Plaintiff says that he was struck at least four times and suffered injury in the rib cage, left eye, and mouth. In addition, his right hand was pulled through a hand cuff, crushing some bones and damaging nerves and muscles permanently. Plaintiff admits that he struck defendant Bohn in the face.

To establish an excessive force claim, plaintiff must show that the alleged conduct caused more than a *de minimis* injury; that it was grossly disproportionate to the need for action under the circumstances; and that it was inspired by malice rather than mere carelessness or unwise excess of zeal. Petta v. Rivera, 143 F.3d 895, 902 (5th Cir. 1998). Use of force is legitimate as long as it is applied in a good faith effort to maintain or restore discipline and not maliciously or sadistically for the very purpose of causing harm. Hudson v. McMillian, 503 U.S. 1, 6 (1992).

The summary judgment evidence establishes (consistent with plaintiff's pleading) that plaintiff had requested to be moved

from his cell because he believed that other inmates were going to assault him. On the morning of January 15, 2012, defendant Bohn heard plaintiff threatening to kill other inmates and calling them derogatory, racial names. Defendant Penrod instructed Bohn to move plaintiff to another cell until he could be reassigned. At approximately 5:45 a.m., Bohn went to plaintiff's cell. As the cell door opened, plaintiff attacked Bohn, hitting him in the face and knocking off his glasses. Penrod and Bohn took plaintiff to the floor and handcuffed him and moved him to another cell when plaintiff refused to walk. Plaintiff was examined by an LVN after being moved and found to have a superficial abrasion to his back, but no other injuries. Bohn and Penrod were off duty at 7 a.m. and did not interact further with plaintiff that day. Wallace and Robles were not assigned to plaintiff's unit that day and had no contact with him. There is no evidence that Newton was present. A medical record reflects that plaintiff was observed taking a decontamination shower later in the day but that the LVN observing him noted no visible injuries. The LVN did note that plaintiff was "asking to be flown to see Jimmy Swaggart before he dies." The medical records, including those of TDCJ, do not support plaintiff's claims of injury. Nor did plaintiff file any grievances related to medical care or lack thereof.

There is no summary judgment evidence to support plaintiff's claim of use of excessive force. That is, nothing would support a finding of conduct so egregious as to shock the conscience. See Hudson, 503 U.S. at 10; Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007).

Plaintiff's second cause of action alleges that he was subjected to cruel and unusual punishment because unidentified officers refused him medical care on January 15, 2012. Plaintiff does not plead any specific facts in this regard sufficient to state a claim. And, the record does not support any such claim. Rather, the medical records show that plaintiff was seen twice on January 15, 2012, and that he did not sustain any injuries as alleged. Further, when plaintiff was examined upon his return to TDCJ, he was not found to have any injuries that would have occurred during his stay in Tarrant County. As stated, the record does not reflect that plaintiff filed any grievances related to medical care in any event.

Plaintiff's third cause of action alleges that defendants Robles, Wallace and McCray retaliated against him for exercising his rights to fee speech and exercise of religion. Specifically, Robles drew pentagrams and told plaintiff that he should work for Satan. And, Robles, Wallace and McCray gave another inmate drugs and aided that inmate in attacking plaintiff with a "crap bomb."

8

Even if true, allegations of verbal abuse are insufficient to state a claim. Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). And the allegations regarding assistance to another inmate are conclusory and insufficient to demonstrate retaliation. See Lockamy v. Dunbar, F. App'x 953, 956 (5th Cir. 2010); Sylvester v. Cain, 311 F. App'x 733, 735 (5th Cir. 2009).

In his fourth cause of action, plaintiff makes a number of conclusory allegations to the effect that he was denied due process and punished arbitrarily. A prisoner does not have protected interest in his custodial classification; nor is the failure of jailers to follow procedure enough to state a claim. Sylvester, 311 F. App'x at 735. And, in any event, the court is not required to scrutinize the record to independently assess the credibility of witnesses or to re-weigh the evidence to determine whether discipline meted was appropriate. Superintendent v. Hill, 472 U.S. 445, 455 (1985). Prison disciplinary proceedings will be overturned only when there is no evidence whatsoever to support the decision of prison officials. Reeves v. Pettcox. 19 F.3d 1060, 1062 (5th Cir. 1994). Temporary loss of privileges, such as telephone, commissary, or cell restriction, do not pose atypical or significant hardships beyond ordinary incidents of prison life. Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000). Here,

9

the record supports the disciplinary actions about which plaintiff complains.

In his final cause of action, plaintiff asserts state law claims for assault with infliction of bodily injury against each defendant. He alleges that Anderson and Penrod are vicariously liable as supervisors of the other defendants. Vicarious liability is insufficient to support a claim. Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992); Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).

As defendants note, the court has dismissed plaintiff's assault claim against Tarrant County and rendered a final judgment as to that claim. Dkt. 9 & 10. Plaintiff did not appeal from that decision and it is now final. Under Texas law, the filing of a tort claim against a governmental entity constitutes an irrevocable election that immediately and forever bars the plaintiff from any suit or recovery against an individual employee of the governmental entity regarding the same subject matter. Tex. Civ. Prac. & Rem. Code § 101.106(a). Thus, plaintiff cannot pursue these assault claims.[2]

---

[2] Plaintiff could not have pursued the claims in any event, since the individual defendants would have had the right to have Tarrant County substituted in their place, and these are intentional torts for which sovereign immunity has not been waived. Tex. Civ. Prac. & Rem. Code §101.106(f); Mission Consol. Indep. Sch. Dist. V. Garcia, 253 S.W.3d 653, 657 (Tex. 2008); Huff v. Refugio County Sheriff's Dept.; No. 6:13-CV-032, 2013 WL 5574901, *3-4 (S.D. Tex. Oct. 9, 2013).

As noted above, plaintiff has failed to obtain service on three of the defendants, Aguirre, McCray, and Cukran. Because plaintiff's claims against these defendants are not any more specific than those against movants, and because the summary judgment record establishes that plaintiff did not suffer injuries of the type that would constitute constitutional claims, the court is sua sponte considering that the motion for summary judgment is also urged on behalf of the unserved defendants and finds that the motion should also be granted as to the claims against them.

Finally, on top of all of the other grounds for granting the motion for summary judgment, the court is satisfied that plaintiff failed to exhaust his administrative remedies before filing this suit. Although the copies of the grievances plaintiff has attached to his complaint and amended complaint are largely illegible, they appear to concern matters other than the alleged assault and related matters the subject of this suit. At least three of them appear to concern events incident to plaintiff's being taken to court and one appears to be an appeal of a disciplinary ruling. Plaintiff himself does not state that he has exhausted his remedies. In fact, he says that he was mixed up as to dates and events and does not know if he turned in the original grievances. Pl. Am. Compl., 6. Plaintiff was required to

11

exhaust his remedies before filing suit, <u>Johnson v. Johnson</u>, 385 F.3d 503, 515 (5th Cir. 2004), but failed to do so. Accordingly, the non-exhausted claims cannot be considered. <u>Gonzalez v. Seal</u>, 702 F.3d 785, 788 (5th Cir. 2012).

VI.

<u>Order</u>

For the reasons set forth herein,

The court ORDERS that plaintiff's motion to modify the scheduling order be, and is hereby, denied.

The court FURTHER ORDERS that movants' motion for summary judgment be, and is hereby, granted, and that plaintiff's claims against all defendants be, and are hereby, dismissed with prejudice.

SIGNED April 2, 2015.

_____
JOHN McBRYDE
United States District Judge